**BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE COLLEGE ATHLETE ELIGIBILITY RULES ANTITRUST LITIGATION** | **MDL No. _____** |

**DEFENDANT'S MOTION FOR TRANSFER OF ACTIONS TO THE MIDDLE DISTRICT OF TENNESSEE PURSUANT TO 28 U.S.C. § 1407 FOR COORDINATED PRETRIAL PROCEEDINGS**

Movant, the National Collegiate Athletic Association ("NCAA"), a defendant in each of the eight actions identified below and in the accompanying Schedule of Actions (Panel Form A), respectfully moves the United States Judicial Panel on Multidistrict Litigation, pursuant to 28 U.S.C. § 1407 and Rule 6.2 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation (the "Panel"), for an order transferring and centralizing the following civil actions for coordinated pretrial proceedings in the United States District Court for the Middle District of Tennessee (Nashville Division):

1. *Pavia v. NCAA* (consolidated with *Bellamy, et al. v. NCAA*), Case No. 3:24-cv-01336, U.S. District Court for the Middle District of Tennessee.
2. *Zeigler v. NCAA*, Case No. 3:25-cv-00226-KAC-JEM, U.S. District Court for the Eastern District of Tennessee;
3. *Boyd v. NCAA*, Case No. 3:25-cv-00729-ERJ, U.S. District Court for the Middle District of Tennessee;
4. *Patterson v. NCAA*, Case No. 3:25-cv-00994, U.S. District Court for the Middle District of Tennessee;
5. *Morton v. NCAA*, Case No. 1:26-cv-01538, U.S. District Court for the Northern District of Georgia;

6. *Wisne v. NCAA*, Case No. 1:26-cv-03063, U.S. District Court for the District of Colorado;
7. *Fuller v. NCAA*, Case No. 2:26-cv-01974, U.S. District Court for the District of Nevada; and
8. *Wiley v. NCAA*, Case No. 2:26-cv-02281, U.S. District Court for the District of Nevada.

As set forth more fully in the accompanying Brief in Support, the above-captioned actions involve common questions of fact arising from challenges to the NCAA's Division I student-athlete eligibility rules under the Sherman Antitrust Act, 15 U.S.C. §§ 1–2. These eight actions, pending in five separate federal districts, share common factual and legal questions regarding the NCAA's rulemaking history, and economic evidence concerning the relevant market for student-athlete services and NIL compensation, and recurring antitrust defenses. Transfer and centralization will serve the convenience of the parties and witnesses, promote the just and efficient conduct of the litigation, and eliminate the risk of duplicative discovery and inconsistent pretrial rulings across five separate courts.

The Middle District of Tennessee is the appropriate transferee district because three of the eight actions (*Boyd*, *Patterson*, and *Pavia*) are already pending there, discovery among those three cases is already being coordinated, and the court has developed substantial familiarity with the relevant NCAA bylaws, economic evidence, and antitrust issues presented across all eight actions.

This motion is supported by the Brief in Support of Motion for Transfer filed herewith and the Schedule of Actions (Panel Form A). No oral argument is requested at this time, but the NCAA reserves the right to request such argument.

Dated: July 31, 2026

Respectfully submitted,

/s/ *Rakesh N. Kilaru*
Rakesh Kilaru
WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
rkilaru@wilkinsonstekloff.com

/s/ Taylor J. Askew
Taylor J. Askew
David J. Zeitlin
HOLLAND & KNIGHT LLP
150 Third Avenue South, Suite 2800
Nashville, Tennessee 37201
Telephone: (615) 244-6380
Facsimile: (615) 244-6804
taylor.askew@hklaw.com
david.zeitlin@hklaw.com

Attorneys for Defendant National Collegiate Athletic Association